UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

- - - - - - - - - - - - - -

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 16-CR-96 |
| Plaintiff, | Hon. ROBERT HOLMES BELL<br>U.S. District Judge |
| v. | |
| DUANE WILLIAM MILLAR, | |
| Defendant. | |
| _____/ | |

PLEA AGREEMENT

This constitutes the plea agreement between Duane William Millar and the United States Attorney's Office for the Western District of Michigan. The terms of the agreement are as follows:

1. <u>Defendant Agrees to Plead Guilty</u>. Defendant agrees to waive indictment and plead guilty to the Superseding Felony Information, which charges Defendant with receipt of child pornography in violation of Title 18, United States Code, Section 2252A(a)(2)(A). Defendant also agrees to forfeit the property listed in the Forfeiture Allegation.

2. <u>Defendant Understands the Crime</u>. In order for Defendant to be guilty of violating Title 18, United States Code, Section 2252A(a)(2)(A), the following must be true:

    a.    Defendant knowingly received child pornography;

    b. such child pornography was mailed or transported using any means or facility of interstate commerce, including by computer, and

    c. Defendant knew such material constituted or contained child pornography.

Defendant is pleading guilty because Defendant is guilty of the charge described above.

  3. <u>Defendant Understands the Penalties.</u> The statutory penalties for a violation of Title 18, United States Code, Section 2252A(a)(2)(A), are the following:

    a. Maximum term of imprisonment: 20 years,
    b. Minimum term of imprisonment: 5 years,
    c. Maximum term of supervised release: Lifetime,
    d. Minimum term of supervised release: 5 years,
    e. Maximum fine: $250,000.00,
    f. Mandatory Special Assessment: $100, and
    g. Additional Special Assessment: $5,000.00 ("Justice for Victims of Trafficking Act of 2015"; Pub. L. No. 1114-22).

Defendant agrees to pay the special assessments at or before the time of sentencing unless Defendant affirmatively demonstrates to the Court that he lacks the ability to pay.

  4. <u>Mandatory Restitution (MVRA).</u> Defendant understands that he will be required to pay full restitution as required by law. Defendant agrees to pay restitution to the victims identified in any child pornography Defendant distributed, received, or possessed. The Court may order Defendant to make restitution in accordance with 18 U.S.C. §§ 2259, 3663, and 3663A. The amount of any restitution order will be determined at sentencing.

2

5.  <u>Supervised Release Defined.</u>   Supervised release is a period of time following imprisonment during which Defendant will be subject to various restrictions and requirements. Defendant understands that if he violates one or more of the conditions of any supervised release imposed, he may be returned to prison for all or part of the term of supervised release, which could result in Defendant serving a total term of imprisonment greater than the statutory maximum stated above.

6.  <u>Forfeiture</u>.  Defendant agrees to forfeit his right, title, and interest in the following property:

   a.  A Dell Inspiron laptop computer (serial number 4Z6WNR1) with a Seagate hard drive (serial number 5VER1GSH).

   b.  A Dell Gateway laptop computer (serial number 0013737317) with a Toshiba hard drive (serial number 49E56533G),

   c.  A Western Digital My Passport external hard drive (serial number WXA1E51KC768),

   d.  A Motorola Droid Max 4G LTE cellular telephone (serial number TA9610I6PX).

(hereinafter referred to as the "Subject Property").  Defendant admits that he used the Subject Property to commit the offense to which he is pleading guilty and that the Subject Property is forfeitable pursuant to 18 U.S.C. § 2253(a)(1) and (a)(3). Defendant consents to the entry of a preliminary order of forfeiture concerning the

3

Subject Property at or before the time of sentencing.

7. <u>Registration</u>. Defendant acknowledges and agrees that he must register as a sex offender in all applicable jurisdictions, including, but not limited to, the jurisdictions where he was convicted, resides, works, and attends school. Defendant understands that failure to register may subject him to prosecution.

8. <u>The U.S. Attorney's Office Agrees:</u>

    a. The U.S. Attorney's Office agrees to move to dismiss the underlying Indictment and Superseding Indictment against Defendant at the time of sentencing. Defendant agrees, however, that in determining the sentence the Court may consider the dismissed counts in determining the applicable Sentencing Guidelines range, where the sentence should fall within the applicable guidelines range, and the propriety of any departure from the calculated guidelines range. By this agreement Defendant does not concede that an increased sentence or an upward departure is, in fact, warranted.

    b. The U.S. Attorney's Office agrees not to oppose Defendant's request for a two-level reduction of his offense level for acceptance of responsibility under §3E1.1(a) of the Sentencing Guidelines. However, the U.S. Attorney's Office reserves the right to object to Defendant's request if it subsequently learns of conduct by Defendant that is inconsistent with the criteria set forth in the Commentary to Section 3E1.1. Should the Court grant a two-level reduction as provided herein, the Government states that Defendant has assisted authorities in

4

the investigation or prosecution of his own misconduct by timely notifying it of his intention to enter a guilty plea, thereby permitting the Government to avoid preparing for trial, and hereby moves the Court to grant an additional one-level reduction if the adjusted offense level is 16 or greater.

   c. <u>Non-Prosecution Agreement.</u> The U.S. Attorney's Office for the Western District of Michigan agrees not to bring additional criminal charges against Defendant in the Western District of Michigan arising out of the possession, distribution, or receipt of child pornography, provided that the conduct is disclosed to the Government by Defendant or his attorney prior to the date of this agreement. Defendant shall remain subject to prosecution for any criminal activity he has failed to disclose to the Government prior to the date of the agreement. This promise of non-prosecution shall not include criminal tax violations (including conspiracy to commit such violations chargeable under 18 U.S.C. § 371).

  9. <u>The Sentencing Guidelines.</u> Defendant understands that, although the United States Sentencing Guidelines (the "Guidelines") are not mandatory, the Court must consult the Guidelines and take them into account when sentencing Defendant. Defendant understands that the Court, with the aid of the presentence report, will determine the facts and calculations relevant to sentencing. Defendant understands that Defendant and Defendant's attorney will have the opportunity to review the presentence report and to make objections, suggestions, and recommendations concerning the calculation of the Guideline range and the

sentence to be imposed. Defendant further understands that the Court shall make the final determination of the Guideline range that applies in this case, and may impose a sentence within, above, or below the Guideline range, subject to the statutory maximum and minimum penalties described elsewhere in this Agreement. Defendant further understands that disagreement with the Guideline range or sentence shall not constitute a basis for withdrawal of the plea.

10. <u>There is No Agreement About the Final Sentencing Guidelines Range</u>. Defendant and the U.S. Attorney's Office have no agreement as to the applicable Sentencing Guidelines factors or the appropriate guideline range. Both parties reserve the right to seek any sentence within the statutory minimum and maximum, and to argue for any criminal history category and score, offense level, specific offense characteristics, adjustments and departures.

11. <u>Waiver of Constitutional Rights</u>. By pleading guilty, Defendant gives up the right to persist in a plea of not guilty and the right to a speedy and public trial by jury or by the Court. As a result of Defendant's guilty plea, there will be no trial. At any trial, whether by jury or by the Court, Defendant would have had the following rights:

    a. The right to the assistance of counsel, including, if Defendant could not afford an attorney, the right to have the Court appoint an attorney to represent Defendant.

      b.     The right to be presumed innocent and to have the burden of proof placed on the Government to prove Defendant guilty beyond a reasonable doubt.

      c.     The right to confront and cross-examine witnesses against Defendant.

      d.     The right, if Defendant wished, to testify on Defendant's own behalf and present evidence in opposition to the charges, including the right to call witnesses and to subpoena those witnesses to testify.

      e.     The right not to be compelled to testify, and, if Defendant chose not to testify or present evidence, to have that choice not be used against Defendant.

      f.     By pleading guilty, Defendant also gives up any and all rights to pursue in this Court or on appeal any affirmative defenses, Fourth Amendment or Fifth Amendment claims, and other pretrial motions that have been filed or could be filed.

12.    <u>Waiver of Other Rights.</u>

      a.     <u>Appellate Waiver</u>.  In exchange for the promises made by the government in entering this plea agreement, Defendant waives all rights to appeal or collaterally attack Defendant's conviction, sentence, or any other matter relating to this prosecution, except as listed below.

      b.     <u>Exceptions</u>.  Defendant may appeal or seek collateral relief to

raise a claim, if otherwise permitted by law in such a proceeding, on the following grounds:

1) Defendant's sentence on any count of conviction exceeded the statutory maximum for that count;

2) Defendant's sentence was based on an unconstitutional factor, such as race, religion, national origin, or gender;

3) The District Court incorrectly determined the Sentencing Guidelines range, if Defendant objected at sentencing on that basis;

4) Defendant's sentence is above the Sentencing Guidelines range as determined by the Court at sentencing and is unreasonable; the guilty plea was involuntary or unknowing;

5) An attorney who represented Defendant during the course of this criminal case provided ineffective assistance of counsel.

If Defendant appeals or seeks collateral relief, Defendant may not present any issue in the proceeding other than those described in this subparagraph.

13. <u>FOIA Requests.</u>   Defendant hereby waives all rights, whether asserted directly or by a representative, to request or receive from any department or agency of the United States any records pertaining to the investigation or prosecution of this case, including without limitation any records that may be sought under the Freedom of Information Act, 5 U.S.C. § 552, or the Privacy Act of 1974, 5 U.S.C. § 552a.

14. <u>Waiver of Attorney Fees</u>. Defendant acknowledges, by his voluntary admissions of guilt, that the position of the U.S. Attorney's Office in this case is not vexatious, frivolous, or in bad faith, and he hereby disclaims and waives any right to make any claim for attorney fees.

15. <u>The Court is not a Party to this Agreement</u>. Defendant understands that the Court is not a party to this agreement and is under no obligation to accept any recommendation by the U.S. Attorney's Office or the parties regarding the sentence to be imposed. Defendant further understands that, even if the Court ignores such a recommendation or imposes any sentence up to the maximum established by statute, Defendant cannot, for that reason, withdraw his guilty plea, and he will remain bound to fulfill all his obligations under this agreement. Defendant understands that no one – not the prosecutor, Defendant's attorney, or the Court – can make a binding prediction or promise regarding the sentence Defendant will receive, except that it will be within the statutory maximum.

16. <u>This Agreement is Limited to the Parties</u>. This agreement is limited to the U.S. Attorney's Office for the Western District of Michigan, and cannot bind any other federal, state or local prosecuting, administrative or regulatory authority. This agreement applies only to crimes committed by Defendant. This agreement does not apply to or preclude any past, present, or future forfeiture or civil actions.

9

17. <u>Consequences of Breach</u>. If Defendant breaches any provision of this agreement, including any promise of cooperation, whether before or after sentencing, the United States shall have the right to terminate this agreement, or deny any or all benefits to which Defendant would otherwise be entitled under the terms of this agreement. In the event that the United States elects to terminate this agreement, the agreement shall be considered null and void, and the parties shall return to the same position they were in prior to the execution of this agreement, as though no agreement ever existed. In such an event, Defendant shall remain liable for prosecution on all original charges, and the United States shall be free to bring such additional charges as the law and facts warrant. Defendant further agrees to waive and forever give up his right to raise any claim that such a prosecution is time-barred if the prosecution is brought within one (1) year of the breach that gives rise to the termination of this agreement.

18. <u>This is the Complete Agreement</u>. This agreement has been entered into by both sides freely, knowingly, and voluntarily, and it incorporates the complete understanding between the parties. No other promises have been made, nor may any additional agreements, understandings or conditions be entered into unless in a writing signed by all parties or on the record in open court.

*This space intentionally left blank*

Plea Agreement

United States v. Duane William Millar
1:16-CR-96

PATRICK A. MILES, JR.
United States Attorney

_22 Sept 16_         *Alexis M Sanford*
Date                   ALEXIS M. SANFORD
                           Assistant United States Attorney

I have read this agreement and carefully discussed every part of it with my attorney. I understand the terms of this agreement, and I voluntarily agree to those terms. My attorney has advised me of my rights, of possible defenses, of the sentencing provisions, and of the consequences of entering into this agreement. No promises or inducements have been made to me other than those contained in this agreement. No one has threatened or forced me in any way to enter into this agreement. Finally, I am satisfied with the representation of my attorney in this matter.

_9-22-2016_        *Duane W. Millar*
Date                  DUANE W. MILLAR
                      Defendant

I am Mr. Millar's attorney. I have carefully discussed every part of this agreement with my client. Further, I have fully advised my client of his rights, of possible defenses, of the sentencing provisions, and of the consequences of entering into this agreement. To my knowledge, my client's decision to enter into this agreement is an informed and voluntary one.

_9-22-2016_        *Mark Dodge*
Date                  MARK A. DODGE
                      Attorney for Defendant